United States District Court
Southern District of Texas
**ENTERED**
October 06, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-20-661 |
| v. | § | |
| | § | CIVIL ACTION NO. H-22-0776 |
| ELIO RODRIGUEZ-AMAYA | § | |

## MEMORANDUM OPINION AND ORDER

Defendant, a federal inmate proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, (Docket Entry No. 35), to which the Government filed a response in opposition (Docket Entry 51).

Having considered the section 2255 motion, the response, the record, and the applicable law, the Court DENIES the section 2255 motion for the reasons that follow.

### Background and Claims

On June 10, 2021, defendant pleaded guilty to illegal reentry by a previously deported alien after a felony conviction. He was sentenced to a twenty-four month term of incarceration, to be followed by a two-year term of supervised release. (Docket Entry No. 33.) No appeal was taken.

Defendant complains in his section 2255 motion that counsel was ineffective in failing to bring a motion to collaterally attack his underlying deportation order. As judicial relief, defendant asks that the Court vacate his 2021 conviction for illegal reentry and vacate his 2011 removal order.

***Legal Standards***

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255:  (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990).  If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney, and are provided a liberal construction.  *Haines v. Kerner*, 404 U.S. 519 (1972).  Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).  Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas

2

petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

### Ineffective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id*. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally sufficient. *Id*. at 696.

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Id*. at 689. To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Id*. at 695–96.

Moreover, "[t]he likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the

trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Conclusory allegations of deficient performance and prejudice are not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## *Analysis*

Defendant states that, a month after he was sentenced, he became aware of an "actual possibility of attacking a removal order" under 8 U.S.C. § 1326(d) and the Supreme Court's 1987 decision in *United States v. Mendoza-Lopez*, 481 U.S. 828, 837–38 (1987). He argues that trial counsel in the instant case should have collaterally attacked defendant's underlying 2011 removal order, which would have negated the illegal reentry charges. According to defendant, the removal order could be challenged under the "waved through rule" and "res judicata." He argues that trial counsel was ineffective at the plea stage in allowing him to plead guilty in lieu of challenging the 2011 removal order. Defendant contends that his plea does not waive this claim, as counsel's ineffectiveness permeates his guilty plea.

In its response, the Government argues that trial counsel's collateral challenge to the 2011 removal order would not have been successful, such that counsel was not ineffective in failing to raise a meritless challenge.

It is undisputed that an alien prosecuted for illegal reentry under 8 U.S.C. § 1326 may collaterally attack the underlying removal order. *United States v. Mendoza-Lopez*, 481 U.S. 828, 838–39 (1987).  To prevail in such an attack, the alien must demonstrate that "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order, (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). The Supreme Court has explained that the provisos of section 1326(d) "are connected by the conjunctive 'and,' meaning defendants must meet all three."  *United States v. Palomar-Santiago*, ___U.S.____, 141 S. Ct. 1615, 1621 (2021).  If the alien fails to satisfy any one of these prongs, then the court need not consider the other prongs.  *United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003).

The Government contends that any collateral challenge to the removal order after defendant was indicted for illegal reentry would have been groundless, as defendant admits he did not exhaust his administrative remedies to the order.  An alien exhausts administrative remedies by raising an issue "either on direct appeal or in a motion to reopen" before the Board of Immigration Appeals ("BIA"). *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009). Defendant acknowledges in his motion that he never raised the arguments that serve as the basis of his desired collateral attack in his appeal to the BIA.  (Docket Entry No. 35, pp. 5–6.) Thus, he did not exhaust the claims.  Although defendant argues that he should be "exempted

from the exhaustion bar," *id.*, p. 5, his argument is foreclosed by Supreme Court precedent. *See Palomar-Santiago*, 141 S. Ct. at 1621 (holding that the "mandatory language in [the] administrative exhaustion provision" means that "a court may not excuse a failure to exhaust"). Consequently, defendant does not establish that he met the *Mendoza-Lopez* requirements for a viable collateral challenge, and no ineffective assistance of counsel is shown.

Although unclear, defendant appears to raise additional challenges. To the extent defendant is attempting to use the instant section 2255 proceeding to collaterally challenge his 2011 removal order, his effort warrants no relief. Even assuming this Court has jurisdiction under section 2255 to consider his claim, it has already determined that defendant does not satisfy one or more of the three required *Mendoza-Lopez* factors. Moreover, defendant cannot complain that his plea in the instant case was taken by telephone in lieu of a personal or video appearance, as he expressly waived his personal appearance on the record and agreed that the plea hearing would be done by telephone. (Docket Entry No. 44, p. 3.) Defendant testified on the record in open court at his plea hearing that: he had enough time to talk with his attorney; he was satisfied with his trial counsel; and he did not need to ask counsel any questions or for further advice. *Id.*, pp. 5–6. Moreover, defendant personally spoke a length during the sentencing hearing, and raised no objections to proceeding by telephone. (Docket Entry No. 41, pp. 9–11, 13.) No viable grounds for relief are shown.

Defendant fails to establish deficient performance and actual prejudice under *Strickland*, and fails to meet his burden of proof as to any other claim raised in his motion. Habeas relief under section 2255 is unwarranted.

### *Evidentiary Hearing*

To any extent defendant requests an evidentiary hearing on his claim for ineffective assistance of counsel, the request is DENIED. The claim presented in this case can be, and has been, resolved on the basis of the record, and an evidentiary hearing is not required. *See United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009).

### *Conclusion*

Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket Entry No. 35) is DENIED. A certificate of appealability is DENIED. The Clerk of Court shall ADMINISTRATIVELY CLOSE defendant's related civil case, *United States v. Rodriguez-Amaya*, C.A. No. H-22-0776 (S.D. Tex.).

Signed at Houston, Texas, on October  6 , 2022.

Gray H. Miller
Senior United States District Judge